# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

April 25, 2003

Clarence Maddox
Clerk, U.S. District Court
301 N. Miami Avenue
Miami FL 33128

FILED by _____ D.C.
RECORDS
APR 29 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

RE: 02-14872-EE       USA v. Sabretech, Inc.
DC DKT NO.: 99-00491 CR-JLK

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one folder, one psi
   Original record on appeal or review, consisting of: thirty-nine volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.   1 psi
        1 brown binders of transcripts

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit

No. 02-14872

District Court Docket No.
99-00491-CR-JLK

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Mar 27, 2003

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

SABRETECH, INC.,

    Defendant-Appellant.

------

Appeal from the United States District Court
for the Southern District of Florida

------

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: March 27, 2003
For the Court: Thomas K. Kahn, Clerk
By: Alvin, Keturah

ISSUED AS MANDATE
APR 25 2003
U.S. COURT OF APPEALS
ATLANTA, GA.

**[DO NOT PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 02-14872
Non-Argument Calendar

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2003
THOMAS K. KAHN
CLERK
```

D.C. Docket No. 99-00491-CR-JLK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

SABRETECH, INC.,

        Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(March 27, 2003)

Before DUBINA, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Appellant SabreTech, Inc. ("SabreTech") appeals its $500,000 fine for one count of failing to train hazardous materials employees, in violation of 49 U.S.C. §

5124. On appeal, SabreTech argues that the district court could not impose a fine if it was unable to pay a fine, and that the evidence shows that SabreTech was unable to pay the $500,000 fine. SabreTech argues that the district court erred in considering the assets of SabreTech's parent company, Sabreliner, in determining whether it was able to pay the fine.

We review a district court's findings of fact with respect to the imposition of a fine for clear error. *See United States v. Lombardo*, 35 F.3d 526, 527 (11th Cir. 1994).

Sections 8C2.1 to 8C2.10 of the Sentencing Guidelines covers the imposition of fines upon organizations. However, SabreTech was convicted under 18 U.S.C. § 5124, which does not appear in Appendix A, the Statutory Index, of the Guidelines. Thus, pursuant to § 8C2.10, the sentencing court determined SabreTech's fine under the provisions of 18 U.S.C. §§ 3553 and 3572. Those sections list several factors to be considered by the sentencing court in imposing a fine. The relevant factor for purposes of this appeal is "the defendant's income, earning capacity, and financial resources." 18 U.S.C. § 3572(a)(1).

The Presentence Investigation Report ("PSI") noted that "SabreTech's only substantial asset [was a] $3,000,000 note receivable . . . ." The PSI further stated that "[t]he financial picture of this defendant is bleak, at best . . . ." In SabreTech's

2

memorandum filed prior to re-sentencing, it stated that a "contractual set-off" had extinguished the $3,000,000 note.

At the initial sentencing hearing, Gene Harbula, the Senior Vice President of strategic planning and corporate communications for Sabreliner, testified that SabreTech continued to accrue expenses that Sabreliner paid. The accrued expenses were "predominantly legal expenses," in the cumulative amount of $9,000,000 to $10,000,000. Those legal expenses covered SabreTech's representation in its criminal case, as well as the representation of former employees of SabreTech. The loans Sabreliner made to SabreTech were unsecured. In addition, in a case involving charges brought by the State of Florida, SabreTech entered into a plea agreement, pursuant to which it agreed to plead *nolo contendere* to the charges in exchange for a conveyance of $500,000 by Sabreliner to the state attorney for distribution to charitable organizations.

SabreTech argues that Sabreliner may not be responsible for payment of SabreTech's fine in the instant case. However, the legal fees and $500,000 fine in Florida, though paid by Sabreliner, were SabreTech's obligations. By analogy, in *United States v. Rowland*, 906 F.2d 621, 624 (11th Cir. 1990), *in dictum*, we cited *United States v. Fabregat*, 902 F.2d 331 (5th Cir. 1990), for the proposition that

3

evidence of an individual defendant's wealthy family may contribute to the finding that the defendant was hiding resources with which he could have paid a fine.

SabreTech has access to Sabreliner's resources as evidenced by the history of Sabreliner loaning money to SabreTech and of directly paying SabreTech's obligations, including those accrued as the result of the incident underlying this case. Accordingly, we conclude that the district court's finding that SabreTech had the ability to pay a $500,000 fine was not clearly erroneous. We affirm SabreTech's sentence.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia